## Lindsley v. Pryor et al.

*John E. Flynn,* of *High, Swartz, Flynn & Roberts,* for plaintiff.

*Roger B. Reynolds,* for defendants.

CORSON, J., February 10, 1947.—Plaintiff, proceeding under The Fraudulent Debtor's Attachment Act of March 17, 1869, P. L. 8, sec. 1, 12 PS §2711, attached certain bank accounts of defendants; one of these accounts being in the name of the wife, Inez M. Pryor, and the other in their joint names. Under section 6 of such act (12 PS §2716), defendants made application to the court to dissolve the attachment; a hearing was held, and it now becomes the duty of the trial judge to determine the truth of the allegation contained in the affidavit upon which the writ issued.

Plaintiff's affidavit averring fraud avers "that defendant is about to remove his, her or their property out of the jurisdiction of the court . . . with intent to defraud his, her or their creditors . . ." Plaintiff admits that the only allegation of fraud is the fact that Inez M. Pryor, in selling her restaurant and taproom business in Lower Merion Township, made an affidavit under the Bulk Sales Act of May 23, 1919, P. L. 262, sec. 1, to the effect that there were no creditors of such business. Plaintiff contends that under the authority of Axler v. Forman, 39 D. & C. 702 (1940), plaintiff, claiming a commission for the sale of such business, became a creditor of the vendor at the moment the sale was consummated and therefore would be entitled to the protection of section 1 of the Act of 1919. Plaintiff also relies upon Armstrong Grocery Co. v. Hutchison, 13 D. & C. 231 (1929), which holds that where property is transferred in violation of the Bulk Sales Act, a creditor may proceed against the vendor under The Fraudulent Debtor's Act, supra.

Assuming plaintiff to be correct in his contentions as to the state of the law, it follows that he must also make his facts conform. Plaintiff relies upon a written agreement with husband defendant which is signed only by the husband. Admittedly the husband did not own the property in question. In the written agreement the husband does not assume to act as agent for his wife so there can be no question of ratification upon her part.

Plaintiff contends that since the wife was present at the time the husband signed the agreement she is bound by it. With this contention we cannot agree. The facts show that the wife was seated at another table in the restaurant when her husband signed the agreement and that the wife merely asked what her husband was signing. She was then shown the agreement, read it, and returned it to her husband without comment. Cer-

tainly the fact that she knew that her husband had signed an agreement binding himself to pay a commission if her property were sold did not bind her to any such agreement. Plaintiff therefore did not become a creditor of the wife at the time she sold her business. The wife, therefore, did not commit a fraudulent act when she made the affidavit under the Bulk Sales Act. Since that is the only evidence of fraud submitted by plaintiff as to either defendant, we are forced to find that the allegation of fraud has not been sustained as to either defendant and it naturally follows that the attachment must be dissolved.

And now, February 10, 1947, for the reasons given, defendant's rule to show cause why the attachment should not be dissolved is made absolute and such attachment, as it may affect any property of Marcel H. Pryor and Inez M. Pryor, is dissolved.